The opinion of the court was delivered by
Brewer, J.:
i-party, ^dísnersMps. Several questions are in the record, and the first arises on the overruling of a motion to make one Charles S. Baker a party to the action. Said Baker, and Lyon, defendant in error, had been partners, and the property converted, a two-horse wagon, partnership property. jn December 1871 the partnership was dissolved by mutual consent, and in June 1872 Baker sold and delivered the wagon in controversy to Bowman & Hogendobler. Lyon refused to recognize the sale, and claimed his half interest. ."We see no necessity for Baker’s being made a party, or why this controversy could not be and was not fully determined in his absence. Baker assumed authority to sell an entire interest. „Lyon denied that authority. Baker might well be an important witness, but the extent of his authority could easily be determined without his presence as a party.
2. Bankruptcy of pm<fingtner’ action. Before the case was reached for trial Bowman filed his petition in bankruptcy, and was duly adjudged a bankrupt. Thereupon he moved for a continuance of the proceedings, so far as he was concerned, until the question of his discharge should be determined. This motion was sustained. Hogendobler joined in the motion, and asked that the case be also postponed as to him *280 until the question of Bowman’s discharge should be determined. This application was overruled, and of this plaintiff, in error complains. We see no error in the ruling. Bowman’s bankruptcy could not affect Hogendobler’s liability. It was a personal matter, and did not inure to the benefit of his partner.
,, . 3. Withdrawing testimony. . Objections were made to the admission of certain testimony, and the overruling of these objections is also assigned for error. Lyon, the defendant in error, was sworn as a witness in his own behalf, and was asked this question: “What was Baker’s object in trying to buy your share in the wagon?” to which, an objection having been overruled, he answered, “Baker told me he had a chance to sell his half of the wagon.” The question and answer were then withdrawn by Lyon’s counsel, on the ground that it did not appear that Bowman & Hogendobler were present when the statement was made. It not unfrequently happens that improper testimony is presented to a jury in the hurry of a trial; and in some cases, even though such testimony be formally withdrawn from their consideration, it is of such a nature as in all probability to unduly influence their minds. It may be the duty of the court in some such cases, in the furtherance of justice, to set aside the verdict and submit the case to a new jury, uninfluenced by such improper testimony. But ordinarily, if the testimony be withdrawn by counsel, or the jury instructed by the court to disregard it, the error in admitting it is removed. Such we think was the case here. The testimony was not of vital importance. It did not make or unmake the plaintiff’s case. It rested on the credibility of the plaintiffj and if the jury believed the rest of his testimony he was entitled to a verdict. The judgment should not be disturbed on this ground.

4. partners; settlementof debts.

*281
„ m . . common.

*280 Again, Lyon was asked this question: “Were not the partnership debts of Baker & Lyon settled prior to the sale. of the wagon to the defendants?” Defendant’s attorney obiected that it was incompetent to show the . . . - . . .. condition or the partnership accounts m an action of this kind, and because Baker was not a party. The *281 objection was overruled, and the witness answered, “The debts had been settled.” The objection was not well taken. It was undisputed that the' partnership between Lyon & Baker had been dissolved six months before the sale. From that time forth, therefore, they became tenants in common with no right in either to sell the interest of the other in any of the' partnership property, except so far as might be necessary to settle up the partnership affairs, and pay the partnership debts. It was competent therefore to show that the partnership debts had been paid. Story on Part., §§ 322 to 328.
6. Depositions; filing. Duty of clerk. The deposition of C. S. Baker was taken twice, once while the action was pending before the justice of the peace, and again after it reached the district court. On the trial the latter was ruled out on the ground that it had not been “filed” at least one day before the trial. The deposition was received by mail, inclosed within two wrappers, one within the other. The indorsements made by the clerk, which appear on the wrappers, and not on the deposition, are as follows: “Received by mail Feb’y 27, 1873. F^ G. Hunt, clerk, by J. P. Pinkerton, deputy.” “ Opened by order of defendant’s attorney: F. G. Hunt, clerk, by J. P. Pinkerton, deputy.” There was no other indorsement of filing than this. It appeared from the testimony that the deposition was received by the clerk at the time indicated, which was nearly a month prior to the trial; that it was opened and used on a motion three clays before the trial, and had been with the papers in the case ever since. It seems to us that the court erred in ruling out this deposition. True, it was the duty of the clerk when he received it to have marked it filed. (Code, §§ 710, 711, 712.) But it was a purely formal act, which, having been omitted the court should have ordered done at once. The omission of the clerk to note the fact of filing should not deprive the party of the right to use this testimony. As the deposition was used on a motion three days prior to the trial, the plaintiff was not surprised, but was fully aware of its presence. This deposi *282 tion having been ruled out, the defendant read the one taken while the action was pending before the justice. If the depositions had been alike, this would have rendered the error one without prejudice. But on comparing the two, we find the one rejected more full, and embracing matters not in the other, testimony which was competent and material. Under these circumstances we cannot hold that the error was immaterial, and without prejudice.
The judgment of the district court will be reversed, and the cause remanded for another trial.
All the Justices concurring.